PEOPLE v. MILLEN.

CRIMINAL LAW—ROBBERY—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

Motion for new trial on charge of robbery while armed with dangerous weapon, on ground of newly-discovered evidence, supported by affidavits by members of defendant's family and others that he was at home all day on day when alleged offense was committed, was properly denied, in view of defendant's testimony on trial that he did not remember where he was on that day, and affiants, who were present and heard said testimony, remained silent until after conviction; also in view of fact that defendant was represented by able counsel, who do not overlook alibi if one is available, and also in view of clear, convincing evidence of guilt as shown by record, that different result would be reached on new trial is improbable.

Error to the Recorder's Court for the city of Detroit; Stein (Christopher E.), J. Submitted October 17, 1929. (Docket No. 142, Calendar No. 33,757.) Decided December 3, 1929.

Edward Millen was convicted of robbery while armed. Affirmed.

*Edward C. Moran,* for defendant.

*Wilber M. Brucker,* Attorney General, *James E. Chenot,* Prosecuting Attorney, and *William D. Brusstar,* Assistant Prosecuting Attorney, for the people.

McDONALD, J. The defendant was convicted under an information charging the crime commonly known as robbery while armed with a dangerous weapon with intent, if resisted, to kill or maim the person robbed. He here asks that judgment of conviction be reversed and a new trial granted because the trial court erred in refusing a new trial on the ground of newly-discovered evidence.

Testimony in support of the conviction shows that on the 29th day of July, 1927, at the city of Detroit, Michigan, the defendant and two other persons held up and robbed one Philip Ost of $3,400, that some time in August he was arrested, identified by Mr. Ost, and in the presence of three officers confessed his guilt. On the trial he was a witness in his own behalf, and testified that he did not hold up and rob Mr. Ost, that he was not at the place of the hold-up on the date alleged, that he could not remember where he was on that day, and that he did not make a confession of guilt to the officers.

After conviction, he made a motion for a new trial based on the affidavits of his mother and others who

claimed that he was sick and confined to his bed at his mother's home on July 29, 1927, the day the crime is alleged to have been committed. Previous to this time he had plead guilty to a charge of breaking and entering, and was to appear before Judge Bowles for sentence on July 30, 1927. The mother made two affidavits in support of the motion for a new trial. In one she stated that she kept the defendant at home with her on the 29th because she was "deeply concerned" to have him appear before Judge Bowles "at his best" in the hope that the judge would place him on probation. In the other affidavit she said he was sick with a heavy cold and remained in bed all that day and therefore could not have been at the place where the crime is alleged to have been committed. In this she is supported by affidavits of other members of her family and by that of a boarder who claims to have seen the defendant in the home at the time when the people claim he was committing the crime charged.

We are not impressed with the truthfulness of these parties on whose affidavits the motion for a new trial is based. That they did not remember the defendant's whereabouts on the day of the crime until after his conviction is significant. They were present at the trial and heard the defendant testify that he could not remember where he was on that day. They must have known how important it was to his defense to show that at the time the prosecution claimed he was committing the crime he was at home sick in bed. Though all were interested in his defense, they remained silent until after conviction, when it became necessary to procure new evidence. It is improbable that they would have taken this course if they had the evidence at the time of the trial. Moreover, the defendant was represented

by able counsel and able counsel do not overlook an alibi if there is one available. So we may assume that unless this new evidence was framed up for the occasion after the conviction, it was known to the defendant and his counsel and with reasonable diligence could have been procured at the trial. But considering its quality and the clear, convincing evidence of guilt as shown by the record, we are convinced that if a new trial were had no different result would follow. The trial court made no mistake in denying the motion.

The judgment of conviction is affirmed.

NORTH, C. J., and FEAD, BUTZEL, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.